## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| S H O N I K A    V A L E N T I N MCCRELESS, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. CV-09-S-337-NE** |
| **vs.** | ) | |
| | ) | |
| **DECATUR CITY BOARD OF EDUCATION, _et al._,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shonika Valentin McCreless, filed this action on February 20, 2009, asserting claims under 42 U.S.C. §§ 1981 and 1983 against her former employer, the Decatur City Board of Education ("the Board"), and against Beth Weinbaum, an employee of the Board and the principal of the school at which plaintiff formerly worked.[1]  The case currently is before the court on defendants' motion to dismiss.[2] Upon consideration of the motion, the complaint, and the parties' briefs, the court concludes the motion is due to be granted in part and denied in part.

## I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that a complaint contain a

---

[1] _See_ doc. no. 1 (Complaint).
[2] Doc. no. 7.

"'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007) (citations omitted). These factual allegations need not be detailed, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 256, 286 (1986), and *Sanjuan v. American Bd. of Psychiatry and Neruology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)) (bracketed alteration in *Twombly*). Thus, although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc*., 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also, e.g., Brooks v.*

2

*Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Viewed in this manner, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555 (citations omitted). Stated differently, the plaintiff must plead facts sufficient to "nudge[] her claims across the line from conceivable to plausible . . . ." *Id.* at 570.

## II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff, Shonika McCreless, an African-American female, was hired by defendant Decatur City Board of Education ("the Board") in July of 2005, as a Special Education teacher at Cedar Ridge Middle School ("Cedar Ridge").[3] Defendant Beth Weinbaum, a Caucasian female, was the principal at Cedar Ridge during all relevant time periods.[4] Plaintiff was employed under an annual contract. The Board renewed her contract for the 2006-2007 school year.[5]

On February 13, 2007, plaintiff married Greg McCreless, a Caucasian male who also taught Special Education at Cedar Ridge.[6] In late March or early April of

---

[3]Complaint, at ¶¶ 5, 7.
[4]*Id.* at ¶¶ 6, 8.
[5]*Id.* at ¶ 9.
[6]*Id.* at ¶¶ 10-11.

2007, plaintiff learned that she was pregnant.[7]   In early May of 2007, Weinbaum indicated on plaintiff's performance evaluation that plaintiff had failed to turn in her lesson plans in a timely manner.[8]   Weinbaum was aware of plaintiff's marriage to Greg McCreless, and of plaintiff's pregnancy, when she conducted the May 2007 evaluation.[9]

Later in May of 2007, Weinbaum informed plaintiff that the Board would not be renewing her contract for the 2007-2008 school year.[10]   Plaintiff asked Weinbaum the reason for that decision, and Weinbaum informed plaintiff she did not have to share the reason.[11]   Weinbaum later personally delivered a "non-renewal letter" to plaintiff at her home on a day when plaintiff was out sick with a pregnancy-related condition.[12]

Plaintiff claims that defendant's allegation that she failed to turn in lesson plans in a timely manner was false and pretextual.[13]   She further claims that other teachers similarly situated to her, but outside her protected class, did fail to timely submit their

---

[7]*Id.* at ¶ 12.

[8]Complaint, at ¶ 13.

[9]*Id.* at ¶ 14.

[10]*Id.* at ¶ 15.

[11]*Id.* at ¶¶ 16-17.

[12]*Id.* at ¶ 18.

[13]Complaint, at ¶ 19.

lessons plans, but that those individuals were not terminated as a result.[14] She claims that, since the non-renewal of her contract, she has sought (and was denied) other positions with the Board, and that her former job duties were assumed by persons outside her protected class.[15]

Based upon these facts, plaintiff asserts two causes of action: Count I, for violations of 42 U.S.C. § 1983, and Count II, for violations of 42 U.S.C. § 1981. In support of Count I, plaintiff asserts that Weinbaum terminated her employment and denied her other employment because of her race, her marriage to a person of a different race, and/or her pregnancy with a mixed-race child.[16] Plaintiff claims that these actions violated her right to freedom of association under the First Amendment, and her right to equal protection of the laws under the Fourteenth Amendment, "as well as her rights under 42 U.S.C. § 1981."[17] She alleges that Weinbaum acted under color of law, and that she exhibited malice or reckless disregard for plaintiff's rights.[18] She further alleges that the Board should be held liable for Weinbaum's actions "because Weinbaum was the holder of ultimate authority over Plaintiff on

---

[14]*Id.* at ¶ 20.

[15]*Id.* at ¶¶ 21-22.

[16]*Id.* at ¶ 24.

[17]*Id.* at ¶ 25.

[18]Complaint, at ¶¶ 26-27.

behalf of the Board and/or the Board ratified Weinbaum's decision."[19]  In support of Count II, plaintiff claims that defendants "violated [her] rights under § 1981 by terminating her employment and denying her other employment because of her race."[20]

As a remedy for the violations alleged in her complaint, plaintiff requests: (1) an order declaring that defendants' actions violated 42 U.S.C. §§ 1981 and 1983 ; (2) a permanent injunction preventing defendants from continuing to violate §§ 1981 and 1983;

> [(3)] "an Order requiring Defendants to make Plaintiff whole by rehiring her and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and restoration of lost benefits with interest, and ordering the Board to pay compensatory damages and Weinbaum to pay compensatory and punitive damages as a jury may assess";

and (4) other relief, including costs, attorney's fees and expenses.[21]

## III. DISCUSSION

Defendants move for dismissal of the following:  (1) Count II, in its entirety; (2) certain claims for injunctive relief; (3) the § 1983 claim against the Board; and (4) the § 1983 claim against Weinbaum for termination and failure to hire.  The court will

---

[19]*Id.* at ¶ 28.

[20]*Id.* at ¶ 31.

[21]*Id.* at 4-6 (Prayers for Relief).

address each of these arguments in turn.

## A.      Dismissal of § 1981 Claim (Count II)

Defendants first argue that Count II — a claim for violations of 42 U.S.C. § 1981 — is duplicative of Count I and cannot be maintained independently.  *See Butts v. County of Volusia,* 222 F.3d 891, 892 (11th Cir. 2000) (holding that "§ 1983 contains the sole cause of action against state actors for violations of § 1981"). Plaintiff concedes this point in her brief.[22]   Accordingly, Count II of plaintiff's complaint is due to be dismissed.  The court will consider plaintiff's allegations under 42 U.S.C. § 1981 as part of her claim under 42 U.S.C. § 1983 (Count I).

## B.      Dismissal of Claim for Injunctive Relief

Defendants next argue that plaintiff's request for an injunction prohibiting defendants from continuing to violate § 1981 and § 1983 should be dismissed as an impermissible "obey-the-law" injunction.  Indeed, the Eleventh Circuit has clearly held that "an injunction demanding that a party do nothing more specific than 'obey the law' is impermissible."  *Elend v. Basham,* 471 F.3d 1199, 1209 (11th Cir. 2006) (citing *Burton v. City of Belle Glade,* 178 F.3d 1175, 1201 (11th Cir. 1999)).  This is because

---

[22]*See* doc. no. 9 (plaintiff's brief), at 1 ("Plaintiff agrees with defendants that a claim against state actors for violation of 42 U.S.C. § 1981 must be brought under 42 U.S.C. § 1983. . . . Plaintiff's claim for violation of her rights under § 1981 was alleged in Count II and Count I, so plaintiff would agree that Count II be merged with Count I.").

> "[b]road, non-specific language that merely enjoins a party to obey the law or comply with an agreement . . . does not give the restrained party fair notice of what conduct will risk contempt." *Epstein Family Partnership* [*v. Kmart Corp.,* 13 F.3d 762, 771 (3rd Cir. 1994)]. Because of the possibility of contempt, an injunction "must be tailored to remedy the specific harms shown rather than to enjoin all possible breaches of the law." *Id.* (internal quotation marks omitted).   An injunction must therefore contain "an operative command capable of 'enforcement.'" *Longshoremen's Ass'n. v. Marine Trade Ass'n*., 389 U.S. 64, 73-74, 88 S.Ct. 201, 206-07, 19 L.Ed.2d 236, 244 (1967). *See also United States Steel Corp. v. United Mine Workers*, 598 F.2d 363, 368 (5th Cir.1979) (party subject to contempt proceeding may defend on basis that compliance was not possible).

*Hughey v. JMS Development Corp.,* 78 F.3d 1523, 1531 (11th Cir. 1996).  At this early stage of the litigation, the court has no way of knowing the scope of permanent injunctive relief that might be appropriate upon entry of a final judgment.  If plaintiff ultimately prevails, it is possible that a permanent injunction could be tailored to remedy the specific harms shown by the available evidence.  Accordingly, the court will not dismiss plaintiff's claims for injunctive relief at this stage.  The court will, however, be mindful of the rule against "obey-the-law injunctions" if the need to fashion a permanent injunction arises.

## C.   Dismissal of the § 1983 Claim Against the Board and the Claims Against Weinbaum for Termination and Failure to Hire

Defendants' final two arguments must be considered together.  Defendants argue that, "to the extent . . . plaintiff is making a claim against the Decatur City

Board of Education for alleged discriminatory acts by" Weinbaum, that claim is due to be dismissed.[23] Defendants also argue that plaintiff's claims against Weinbaum for termination and failure to hire should be dismissed. Essentially, defendants are arguing that the Board cannot be held liable for Weinbaum's actions, and that Weinbaum cannot be held personally liable for those actions.

Defendants are correct that a local governmental entity may not be held vicariously liable for § 1983 violations by one of its employees solely under a theory of *respondeat superior*; in other words, "a municipality cannot be held liable solely because it employs a tortfeasor." *Monell v. Department of Social Services of New York*, 436 U.S. 658, 691 (1978). Instead, a local governmental entity may be held accountable in damages for the conduct of a particular governmental actor only when the plaintiff shows that execution of the local governmental entity's official "policy" or "custom" effectively was the cause of the injury complained of. *Id*. at 694.

The Supreme Court added a gloss to *Monell's* "policy or custom" requirement in *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), saying that "municipal liability may be imposed for *a single decision* by municipal *policymakers* under appropriate circumstances." *Id.* at 480 (emphasis supplied). The Eleventh Circuit clarified *Pembaur's* gloss in *Morro v. City of Birmingham*, 117 F.3d 508 (11th Cir.

---

[23]Doc. no. 7 (plaintiff's brief), at 4.

1997), saying that "[m]unicipal liability under 42 U.S.C. § 1983 may be premised upon *a single illegal act* by a municipal officer *only when* the challenged act may fairly be said to represent official policy, such as when that municipal officer possesses *final policymaking authority over the relevant subject matter*." *Id*. at 510 (emphasis supplied).  Furthermore,

> [t]he Eleventh Circuit "has interpreted *Monell*'s policy or custom requirement to preclude § 1983 municipal liability for a subordinate official's decisions when the final policymaker delegates decisionmaking discretion to the subordinate, but retains the power to review the exercise of that discretion. . . . Thus, "[f]inal policymaking authority over a particular subject area does not vest in an official whose decisions in the area are subject to meaningful administrative review."

*Quinn v. Monroe County,* 330 F.3d 1320, 1325 (11th Cir. 2003) (citations omitted) (second bracketed alteration in original).

A local governmental entity also will not be held liable for the actions of a mere decisionmaker (as opposed to a policymaker).  The Eleventh Circuit elucidated the distinction between a "decisionmaker" and a "policymaker" in *Quinn v. Monroe County,* 330 F.3d 1320 (11th Cir. 2003), stating that "[t]he 'final policymaker' inquiry addresses who takes actions that may cause the municipality . . . to be held liable for a custom or policy.  The 'decisionmaker' inquiry addresses who has the power to make official decisions and, thus, be held *individually* liable." *Id.* at 1326 (emphasis in original).  The Court cautioned that district courts should be careful not to conflate

10

the two inquiries, because doing so would lead to "untenable legal consequences."

*Id.* at 1328.

> Under such a theory, a city manager could intentionally discriminate by terminating an employee without fear of liability so long as, at some point, the decision was reviewed by an unbiased board.  While such a manager should not be able to create *municipal* liability when violating official policy, he should not be able to elude *individual* liability for his own unlawful actions.

*Id.* (emphasis in original).

In this case, plaintiff does not rely solely upon a *respondeat superior* theory to hold the City Board of Education liable for Weinbaum's actions.  Instead, plaintiff alleges that Weinbaum was "the holder of ultimate authority" over plaintiff, and/or that "the Board ratified Weinbaum's decision."[24]  The court concludes that plaintiff's complaint contains sufficient allegations to indicate that Weinbaum was acting as a policymaker for the Board when she decided to terminate plaintiff's employment.[25]

Furthermore, even if Weinbaum was not acting as a policymaker for the Board, plaintiff alternatively alleged that the Board ratified Weinbaum's decision to

---

[24]*Id.*

[25]It should be noted that, in order for plaintiff ultimately to hold the Board liable for Weinbaum's actions under the policymaker theory, she will have to offer proof that Weinbaum did in fact possess "final policymaking authority" for the Board on the issue of plaintiff's employment. It should also be noted that the word "policymaker" (like the phrase "the power to 'set policy'") is a "term of art" in § 1983 jurisprudence that "refers to the official or body that speaks with final authority with respect to a particular governmental decision or action."  *McMillian v. Johnson*, 88 F.3d 1573, 1579 (11th Cir. 1996) (citing *Jett v. Dallas Independent School District,* 491 U.S. 701, 737 (1989)), *aff'd sub nom. McMillian v. Monroe County, Ala.*, 520 U.S. 781 (1997).

terminate her employment.  This allegation also is sufficient to support holding the Board liable for Weinbaum's actions, because a "municipality, by actively endorsing or approving of the conduct of its employees or officials, may be held responsible for it."  *Garvie v. City of Fort Walton Beach,* 366 F.3d 1186, 1189 (11th Cir. 2004) (citing *Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 998 (11th Cir.1990)).[26] Accordingly, plaintiff's § 1983 claim against the Board will not be dismissed for failure to state a claim upon which relief can be granted.

The court further concludes that plaintiff's complaint contains sufficient allegations to support a personal claim against Weinbaum for termination of plaintiff's employment.[27]  Indeed, plaintiff specifically alleges that "Weinbaum terminated Plaintiff."[28]  She also alleges that the decision to terminate her employment was made by Weinbaum, and that Weinbaum had the "ultimate authority" to make that decision.[29]  Based upon those allegations, Weinbaum could

---

[26] To ultimately prevail on a ratification theory, plaintiff will have to produce evidence "that local government policymakers had an opportunity to review the subordinate's decision and agreed with both the decision and the decision's basis. . . ."  *Thomas v. Roberts*, 261 F.3d 1160, 1175 n.12 (11th Cir.2001), *vacated on other grounds by*,536 U.S. 953 (2002), *reinstated by* 323 F.3d 950 (11th Cir.2003).

[27] Plaintiff concedes that Weinbaum should not be included as a defendant to her claim for failure to hire.  *See* doc. no. 9 (plaintiff's brief), at 5 n.1 ("Plaintiff agrees there is no specific claim made against Weinbaum for the re-hire claim and that she should not be included in it."). Accordingly, that claim against Weinbaum will be dismissed.

[28] Complaint, at ¶ 24.

[29] *Id.* at ¶ 28.

be held personally liable under a "decisionmaker" theory. *See Quinn,* 330 F.3d at 1326.

It is possible, of course, that plaintiff will not ultimately be able to hold Weinbaum personally liable as a final "decisionmaker" on the termination decision, and also to hold the Board liable for Weinbaum's actions under a "policymaker" theory. At the pleading stage, however, plaintiff is allowed to assert inconsistent theories, and her complaint contains sufficient allegations to support a claim under both theories. *See* Federal Rule of Civil Procedure 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); Federal Rule of Civil Procedure 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Accordingly, neither plaintiff's § 1983 claim against the Board, nor her individual claim against Weinbaum for termination of her employment, will be dismissed.

## IV. CONCLUSION AND ORDER

In accordance with the foregoing, defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's claims under 42 U.S.C. § 1981 (Count II) are DISMISSED with prejudice. Plaintiff's claim against defendant Beth Weinbaum for

failure to hire also is DISMISSED with prejudice.  Defendants must file an answer to plaintiff's complaint on or before May 18, 2009.

DONE this 4th day of May, 2009.

_____
United States District Judge

14